UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARSAN WANG,
        Plaintiff,

v.                                      Case No. 15-C-0591

UNITED STATES OF AMERICA,
        Defendant.

## DECISION AND ORDER

Darsan Wang is a former federal employee who is now retired. On May 15, 2015, he filed a complaint naming the United States Office of Personnel Management ("OPM") as a defendant. As a federal employee, Wang was eligible for federal group life insurance benefits. He alleges that, in 1991, when he began his employment with the federal government, he filed paperwork indicating that he wanted "basic" life insurance. However, on August 24, 1992, the human-resources department of Wang's agency filed paperwork indicating that Wang had elected to increase his death benefit to five times his pay. The premiums for this increased level of coverage were deducted from Wang's pay between 1992 and 2004. In his complaint, Wang contends that he was ineligible to elect increased coverage in August 1992. According to Wang, an employee can make changes to life insurance elections only during the first 60 days of employment. In August 1992, Wang had been a federal employee for more than a year. Therefore, argues Wang, his agency was negligent in allowing him to increase his level of coverage in August 1992. For relief, Wang seeks to have his "overpayment" returned to him. He believes that the amount of the overpayment is $90,000. See Compl. p. 6.

Because the complaint purports to set forth a cause of action for negligence against a federal agency, it falls within the purview of the Federal Tort Claims Act ("FTCA"). The only proper defendant in a suit under the FTCA is the United States. See 28 U.S.C. § 2674; Kanar v. United States, 118 F.3d 527, 531 (7th Cir. 1997). Therefore, I have amended the caption to reflect that the United States is the real party in interest.

The United States has filed a motion to dismiss the complaint on the ground that Wang did not comply with the administrative-exhaustion requirements of 28 U.S.C. § 2675(a), which provides in relevant part that "[a]n action shall not be instituted upon a claim against the United Sates for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and the claim shall have been finally denied by the agency in writing and sent by certified or registered mail." An initial question is how to characterize the motion to dismiss. The United States notes that some courts consider compliance with § 2675(a) to be a jurisdictional prerequisite to suit, and that therefore a motion to dismiss for failure to administratively exhaust a claim is properly brought under Federal Rule of Civil Procedure 12(b)(1). However, the Seventh Circuit has held that the failure to exhaust a claim under § 2675(a) does not deprive a court of jurisdiction to adjudicate the claim. Smoke Shop, LLC v. United States, 761 F.3d 779, 782 n.1 (7th Cir. 2014); Glade ex rel. Lundskow v. United States, 692 F.3d 718, 723 (7th Cir. 2012); Kanar v. United States, 118 F.3d at 529–30. Thus, the present motion cannot be treated as a motion to dismiss for lack of subject-matter jurisdiction.

The United States contends that if exhaustion of administrative remedies is not jurisdictional, then its motion to dismiss should be characterized as a motion to dismiss for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). And

2

the Seventh Circuit has said that a motion to dismiss for failure to comply with § 2675(a) is properly characterized as a motion under Rule 12(b)(6).  See Smoke Shope, 692 F.3d at 782 n.1.  This implies that a plaintiff has an obligation to plead in the complaint that he complied with the FTCA's administrative-exhaustion requirement, as a motion under Rule 12(b)(6) "tests the sufficiency of the complaint."  McReynolds v. Merrill Lynch & Co., Inc., 694 F.3d 873, 879 n. 4 (7th Cir. 2012).  Here, the plaintiff has not alleged in the complaint that he complied with the FTCA's administrative-exhaustion requirement.  For this reason, his complaint must be dismissed.  However, it is clear from the materials that the plaintiff filed in response to the defendant's motion that he believes he has in fact exhausted his administrative remedies.  Therefore, I will grant him leave to file an amended complaint in which he alleges that he has complied with § 2675(a).  (I express no view on whether the materials that the plaintiff filed in response to the defendant's motion show that he has in fact complied with § 2675(a).)

Before concluding, I note that if the plaintiff files an amended complaint that alleges that he has complied with § 2675(a), and if the United States believes that the plaintiff has not so complied, the proper way for the United States to seek dismissal of this suit would be to file a motion for summary judgment under Federal Rule of Civil Procedure 56.  This is because, to show that the plaintiff did not in fact exhaust his administrative remedies, the United States would have to rely on matters outside the pleadings (such as an affidavit from an OPM employee stating that OPM never received an administrative claim from the plaintiff), and on a motion under Rule 12(b)(6), a court cannot consider matters outside the pleadings without treating it as one for summary judgment.  See Fed. R. Civ. P. 12(d).

3

Case 2:15-cv-00591-LA   Filed 09/14/15   Page 3 of 4   Document 15

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that the defendant's motion to dismiss the complaint is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's "motion to uphold complaint" is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff may, on or before **October 1, 2015**, file an amended complaint alleging that the plaintiff has exhausted his administrative remedies under 28 U.S.C. § 2675(a).

Dated at Milwaukee, Wisconsin, this 14th day of September, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge