# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DARSAN WANG,**
      **Plaintiff,**

    v.                                          Case No. 15-C-0591

**UNITED STATES OF AMERICA,**
      **Defendant.**

---

## DECISION AND ORDER

Darsan Wang is a former federal employee. On May 15, 2015, he filed a complaint naming the United States Office of Personnel Management ("OPM") as a defendant. (I subsequently amended the caption to reflect that the proper defendant is the United States of America.) As a federal employee, Wang was eligible for life insurance through OPM's Federal Employees' Group Life Insurance ("FEGLI"). He alleges that, in 1991, when he began his employment with the federal government, he filed paperwork electing "basic" life insurance. However, on August 24, 1992, the human-resources department of Wang's agency filed paperwork indicating that Wang had elected to increase his death benefit to five times his pay. The premiums for this increased level of coverage were deducted from Wang's pay between 1992 and 2004. In his complaint, Wang contends that he was ineligible to elect increased coverage in August 1992. According to Wang, an employee can make changes to life insurance elections only during the first 60 days of employment. In August 1992, Wang had been a federal employee for more than a year. Therefore, argues Wang, his agency was negligent in allowing him to increase his level of coverage.

The United States moved to dismiss Wang's original complaint on the ground that it arose under the Federal Tort Claims Act ("FTCA") and Wang had not complied with the FTCA's administrative-exhaustion requirement. See 28 U.S.C. § 2675(a). In deciding that motion, I noted that Wang had not alleged that he had exhausted his administrative remedies and dismissed the complaint for that reason. However, I granted Wang leave to file an amended complaint alleging that he had exhausted his administrative remedies. Wang filed such an amended complaint, and before me now is the government's motion for summary judgment. See Fed. R. Civ. P. 56. The United States contends that, contrary to Wang's allegation, he has not exhausted his administrative remedies.

The FTCA states in relevant part that "[a]n action shall not be instituted upon a claim against the United States for money damages for . . . loss of property . . . caused by the negligent or wrongful act or omission of any employee of [the United States] . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a). The purpose of this requirement is to ensure that agencies have an opportunity to settle disputes before defending against litigation in court. See McNeil v. United States, 508 U.S. 106 (1993); Smoke Shop, LLC v. United States, 761 F.3d 779, 786 (7th Cir. 2014).

In support of its motion for summary judgment, the United States submits a declaration from OPM's general counsel, Richard Alan Miller, who states that OPM has no record of receiving a formal administrative claim from Wang. However, Miller also states

that, in November 2014, OPM received correspondence from Congressman Paul Ryan's office on behalf of Wang. In a letter dated October 16, 2014, Wang informed Ryan's office that in 1991 OPM "coerced" him into singing up for increased life-insurance coverage. In the same letter, Wang asked Ryan's office to help him obtain information about his life insurance benefits. On November 7, 2014, Wang filled out and signed a form printed on Congressman Ryan's letterhead. The form contained a space for Wang to identify the "problem" with which he needed assistance. Wang wrote the following in this space: "Under FOIA I request (1) A July 1991 FEGLI application signed by me, bearing my signature 'Darsan Wang.' (2) My life insurance policy with FEGLI. (3) A statement of my premium paid and benefits." ECF No. 23-2. By letter dated November 13, 2014, Congressman Ryan forwarded Wang's October 16 letter and the November 7 form to OPM's chief of constituent services and asked her to "look into this matter to determine if anything can be done . . . to assist Mr. Wang with his request." ECF No. 23-3. OPM then communicated with a member of Congressman Ryan's staff about Wang's request. In mid-April 2015, OPM provided Wang with the some of the information he had identified in the form printed on Ryan's letterhead.

Neither of the documents identified in Miller's declaration qualifies as an administrative claim under the FTCA. A Department of Justice regulation, 28 C.F.R. § 14.2(a), defines "claim" for purposes of § 2675(a), and the Seventh Circuit deems that regulation controlling, see Kanar v. United States, 118 F.3d 527, 528 (7th Cir. 1997). Under this regulation,

> a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident,

3

> accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a). Although a document may qualify as a "claim" even if it "does not comply with every jot and tittle of the rules defining a 'claim,'" Kanar, 118 F.3d at 530, at the very least a would-be FTCA plaintiff must provide the "proper agency" with "the opportunity to settle the claim for money damages before the point of suit," Smoke Shop, 761 F.3d at 787.

The two documents that Ryan's office forwarded to OPM on Wang's behalf did not provide OPM with the opportunity to settle Wang's claim before the point of suit. Those documents did not identify the grievance for which Wang seeks relief in this suit and did not include a request for damages. Although Wang's October 16 letter states that he was "coerced" into signing a sheet of paper that resulted in increased life-insurance premiums being deducted from his pay, the letter gives no indication that Wang intended to pursue a claim against OPM for recovery of the increased premiums or for any other form of damages. Rather, in the letter, Wang states that he is trying to obtain information from OPM about his life insurance and suggests that Ryan consider taking some action to "reform" FEGLI. See ECF No. 23-1. The form that Wang signed on November 7th indicates only that Wang wanted OPM to produce information relating to his life insurance—namely, his original application, a copy of the policy, and a statement indicating the amount of premiums he paid and what his benefits are. The form did not suggest that

4

Wang was pursuing a claim for damages against OPM. Thus, neither the October 16 letter nor the November 7 form initiated the administrative claims process under § 2675(a).

Wang contends that, in addition to the two documents identified in Miller's declaration, Congressman Ryan might have forwarded to OPM a third letter that Wang wrote to Ryan's office, this one dated March 16, 2015. In that letter, Wang indicates that he spoke with a member of Ryan's staff that day. Wang states that the "heart of the matter" is that he believes he is entitled to greater life insurance coverage during retirement because he paid higher premiums during his employment with the federal government. ECF No. 17-1. He then asks Ryan to "tell OPM I propose an 'amicable resolution.' They should simply recalculate my death benefits and send me a correct one—probably around $120,000. Then we can close the book." Id. Wang contends that this letter qualifies as an administrative claim because it identifies his injury and proposes damages in a sum certain.

An initial problem is that the March 16 letter seems to raise a different problem than the one raised in the plaintiff's complaint in this action. In the complaint, Wang alleges that OPM was negligent in allowing him to sign up for increased life-insurance coverage, and he seeks damages in the form of the difference between the premiums he actually paid and the premiums he would have paid under "basic" coverage. In the March 16 letter, Wang seems to contend that OPM is providing him with only "basic" coverage in retirement, and he seeks to have OPM recalculate his retirement benefits to reflect the fact that he paid for more than basic coverage. Thus, Wang's demand in the letter for $120,000 is not a demand for damages in the amount of $120,000 but a demand that OPM provide him with a death benefit of $120,000.

5

Assuming, however, that this initial problem does not prevent the March 16 letter from qualifying as an administrative claim, a second problem is that there is no evidence that OPM ever received the letter. OPM does not have a record of receiving the letter, and Wang has not submitted evidence indicating that Ryan's office actually sent it to OPM.[1] Wang argues that Miller may be lying when he says that OPM never received the letter. But a party may not defeat a motion for summary judgment by suggesting that one of the defendant's witnesses may be lying. See Springer v. Durflinger, 518 F.3d 479, 484 (7th Cir. 2008).

Moreover, even if the March 16 letter qualifies as an administrative claim, and even if OPM received the letter on March 16, the present suit would still have to be dismissed for failure to comply with § 2675(a). That is because Wang commenced this action before OPM finally denied the claim. As noted, Wang commenced this action on May 15, 2015, only two months after writing the March 16 letter. No evidence in the record suggests that OPM denied the claim in writing before May 15th. See 28 U.S.C. § 2675(a) (stating that action may not be instituted unless administrative claim has been finally denied in writing and sent by certified or registered mail). And because Wang commenced this action less than two months after the date of the March 16 letter, he cannot rely on the provision of § 2675(a) stating that a claimant may deem a claim denied if the agency does not "make final disposition of a claim within six months after it is filed." Although six months have now passed since the date of the March 16 letter, that cannot save this suit. The Supreme

---

[1] Wang has not asked me to delay ruling on the government's motion for summary judgment until he has had an opportunity to take discovery on the question of whether Ryan's office sent the March 16 letter to OPM. See Fed. R. Civ. P. 56(d).

Court has held that an FTCA suit must be dismissed unless the plaintiff exhausted the administrative claim process "prior to filing suit," even if the plaintiff exhausts that process shortly after the suit is filed. McNeil, 508 U.S. at 107–13.

For these reasons, I conclude that Wang failed to exhaust the administrative claim process before he filed this suit, and that therefore the government's motion for summary judgment must be granted.

Dismissals for failure to exhaust administrative remedies under the FTCA should be without prejudice so that the plaintiff can exhaust those remedies and file a new suit, if the statute of limitations has not expired. See Sullivan v. United States, 21 F.3d 198, 206 (7th Cir. 1994); Baritsky v. United States, 1995 WL 736823, at *1 (7th Cir. Dec. 12, 1995). Thus, I will dismiss this suit without prejudice. However, I express no view on whether any new suit by Wang would be timely.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that the government's motion for summary judgment is **GRANTED** and that this case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the government's motion to vacate the scheduling order is **DENIED** as **MOOT**. However, because I have dismissed this case, the scheduling conference previously set for November 25, 2015 is **CANCELLED**.

**FINALLY, IT IS ORDERED** that the Clerk of Court shall enter final judgment.

Dated at Milwaukee, Wisconsin, this 17th day of November, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge